J-S73006-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| EMRU KEBEDE, | |
| Appellant | No. 1228 MDA 2014 |

Appeal from the PCRA Order June 27, 2014
In the Court of Common Pleas of Lancaster County
Criminal Division at No(s): CP-36-CR-0003556-2007

BEFORE:  BOWES, WECHT, and MUSMANNO, JJ.

JUDGMENT ORDER BY BOWES, J.:               **FILED MARCH 16, 2016**

This matter is before the panel a second time.  On May 2, 2007, Appellant Emru Kebede, who was then sixteen years old, participated in events that led to the murder of Ray Diener by another actor.  On September 10, 2010, Appellant was found guilty of second-degree murder and was sentenced to a mandatory sentence of life imprisonment without parole.  Appellant filed a timely PCRA petition invoking *Miller v. Alabama*, 132 S.Ct. 2455 (2012), which held that it was unconstitutional to sentence a juvenile homicide offender to an automatic sentence of life without parole.  Counsel was appointed and argued that *Miller* applied retroactively.  The PCRA court denied relief on June 27, 2014, and this appeal was filed.  PCRA counsel petitioned to withdraw, noting that *Miller* has been denied retroactive application in *Commonwealth v. Cunningham*, 81 A.3d 1 (Pa.

2013). We permitted counsel to withdraw in a decision filed on February 20, 2015.

On January 25, 2016, the United States Supreme Court overruled **Cunningham**, holding that **Miller** was to be given retroactive effect. **Montgomery v. Louisiana**, 136 S. Ct. 718 (2016). On February 17, 2016, Appellant's petition for allowance of appeal was granted as to the **Miller** question and the case was remanded to this Court for further proceedings consistent with **Montgomery**.

Shortly after **Montgomery's** issuance, this Court entered a published opinion in **Commonwealth v. Secreti**, 578 WDA 2015 (Pa.Super. 2/9/16). Therein, Secreti was sentenced to automatic life imprisonment without possibility of parole for committing first degree murder as a juvenile, and filed a PCRA petition seeking relief under **Miller**. Relief was denied, and Secreti was on appeal when **Montgomery** was decided. On February 9, 2016, following issuance of **Montgomery**, this Court in **Secreti** held that (1) **Miller** applied retroactively to Secreti's sentence under the PCRA's retroactivity provision, 42 Pa.C.S. § 9545(b)(1)(iii); (2) Secreti's sentence was unconstitutional under **Miller**, and (3) Secreti was entitled to a new sentencing hearing in accordance with the dictates of our Supreme Court's decision in **Commonwealth v. Batts**, 66 A.3d 286 (Pa. 2013).

The June 27, 2014 order denying PCRA relief and the judgment of sentence entered on September 18, 2009, in this matter are vacated and

the case is remanded for resentencing. The trial court is directed to appoint new counsel for Appellant. Jurisdiction relinquished.

Judge Wecht did not participate in the consideration or decision of this case.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/16/2016